IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT WALTON, | Civ. No. 6:25-cv-01201-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| STATE OF IDAHO; IDAHO FOURTH JUDICIAL DISTRICT COURT, | |
| Defendants. | |

AIKEN, District Judge.

Self-represented Plaintiff Robert Walton seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 1, is GRANTED. However, the Complaint, ECF No. 2, is DISMISSED without leave to amend. All other pending motions, ECF Nos. 3, 4, 7, are denied as moot and final judgment shall be entered in this case.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 1, and the petition will be GRANTED.

The Complaint alleges that Plaintiff is being criminally prosecuted in Idaho state court and that he is being forced to represent himself in that action because his court-appointed attorney has personal and professional relationships the other attorneys involved in the case which, according to Plaintiff, constitutes a conflict of interest. Plaintiff alleges that the Idaho court declined to appoint alternative counsel for Plaintiff.

Plaintiff alleges that this violates his Sixth and Fourteenth Amendment rights and seeks bring this action against the State of Idaho and the Idaho Fourth Judicial District Court pursuant to 42 U.S.C. § 1983. Plaintiff seeks to enjoin his ongoing state court prosecution.

As a preliminary matter, § 1983 claims must be brought against "persons," which does not include either the State of Idaho or the Idaho state court. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As a result, Plaintiff has failed

to state a claim under § 1983. In addition, states are generally immune from suit under the Eleventh Amendment and sovereign immunity unless Congress has abrogated their immunity, or the state has waived immunity by consenting to suit in express terms. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021); *Micomonaco v. State of Washington*, 45 F.3d 316, 319 (9th Cir. 1995). There has been no abrogation of sovereign immunity under § 1983. *Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001). Nor has there been any waiver of sovereign immunity in this case. Plaintiff's § 1983 claims against the State of Idaho are barred by the Eleventh Amendment.

As noted, Plaintiff seeks to enjoin an ongoing state court criminal prosecution. *Younger* abstention[1] is therefore implicated. *Younger* abstention is an exception to the general rule that federal courts must resolve cases within their jurisdiction and reflects a national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances. *Yelp Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025).

The Ninth Circuit has held that abstention is appropriate when (1) the state judicial proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise constitutional challenges; and (4) the relief requested seeks to enjoin or would have the practical effect of enjoining the ongoing state judicial proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). When these elements are met, the court

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

must abstain from hearing the case and dismiss the action. *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1988).

Here, there can be no reasonable dispute that the case falls within the bounds of *Younger* abstention. Plaintiff seeks to enjoin an ongoing criminal prosecution in Idaho state court, which implicates serious state interests. Plaintiff has had and will continue to have the opportunity to raise his constitutional challenges before the state court.

*Younger* "indicated that abstention would not be warranted upon a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Yelp, Inc.*, 137 F.4th at 951 (internal quotation marks and citation omitted). These exceptions are narrow. *Id.* "A petitioner hoping to escape *Younger*'s proscription on federal intervention therefore must demonstrate that: (1) he would suffer irreparable harm that is both great and immediate if the federal court declines jurisdiction; (2) there is bad faith or harassment, on the part of the state, in prosecuting him; or (3) the state court system is biased against Petitioner's federal claim." *Rassmussen v. Garrett*, 489 F. Supp.3d 1131, 1154 (D. Or. 2020) (internal quotation marks and citation omitted). "Minimal respect for the state process, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (emphasis in original).

Here, Plaintiff's allegations that the Idaho state court prosecution is brought in bad faith or for purposes of harassment are insufficient to make the required

showing. Accepting those allegations, as Plaintiff urges, would amount to indulging in the forbidden presumption that the Idaho state court would not safeguard Plaintiff's federal constitutional rights. As the Ninth Circuit recently observed, an allegation of bad faith or retaliatory motive "is not a talisman sufficient to overcome an otherwise proper exercise of abstention," or else *Younger*'s bad faith exception would overtake *Younger* altogether. *Yelp, Inc.*, 137 F.4th at 953 (internal quotation marks and citation omitted). "Our obligation to respect the domain of our state judicial counterparts requires that any retaliatory motive or harassment be sufficiently severe or pervasive to legitimize our halt of state court proceedings in which these same constitutional objections could be raised." *Id.* at 954 (internal citation omitted). The Court concludes that the bad faith exception to *Younger* does not apply in this case.

*Younger* compels the dismissal of Plaintiff's case and the Court concludes that the defects in the case cannot be remedied by the allegation of additional facts. Dismissal is therefore without leave to amend.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 1, is GRANTED but the Complaint, ECF No. 2, is DISMISSED without leave to amend and without service on Defendants. All other pending motions, ECF Nos. 3, 4, 7, are DENIED as moot. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___25th___ day of July 2025.

      /s/Ann Aiken
      ANN AIKEN
      United States District Judge